FILED
1/12/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED WHOLESALE, LLC., an Illinois Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 02637<br>Judge: Robert Dow |
| TRAFFIC JAM EVENTS, a Louisiana Company, PLATINUM PLUS PRINTING, a Minnesota Company, YOUR PREFERRED PRINTER, LLC, a Louisiana Company. | ) ) ) ) ) | |
| Defendants. | ) | |

### AMENDED COMPLAINT

Plaintiff, by its attorneys The Law Offices of Bryan T. Butcher, Complaining of the Defendants states the following:

### JURISDICTION AND VENUE

1. This is an action for relief under the Federal Trademark Act 15 U.S.C. s1501 *et seq.* ("Lanham Act"), specifically, 15 U.S.C. s1114, 1117 and 1125 for trademark infringement, false designation of origin, false description or representation, false advertising, and related unfair competition. Plaintiff further asserts claims under the Illinois Uniform Deceptive Trade Practices Act, and Federal and Illinois Common Law.

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. s2201 and 2202. This Court also has jurisdiction of the Illinois law claims under 28 U.S.C. s1367(a) because they are closely related to the federal claims and form a single case and controversy. The amount in controversy exceeds $75,000.

3. Venue is proper under 28 U.S.C. s1391(b) and 1391(c) in that all Defendants transact business in the state of Illinois and the Northern District of Illinois.

### PARTIES

4. Plaintiff is an Illinois Limited Liability Company authorized and existing under the laws of the State of Illinois and having its principal place of business in Chicago, Illinois.

5.   Defendant Traffic Jam Events, LLC., ("Traffic Jam") is a Louisiana Limited Liability Company authorized and existing under the laws of the State of Louisiana and having its principal place of business in or around New Orleans, Louisiana.

6.   Defendant Platinum Plus Printing, LLC., ("Platinum Plus") is a Limited Liability Company authorized and existing under the laws of the State of Minnesota and having its principal place of business in Maple Lake, Minnesota.

7.   Defendant Your Preferred Printer, LLC.,("Preferred Printer") is a Limited Liability Company authorized and existing under the laws of the State of Louisiana and having its principal place of business in Kenner, Louisiana.

9.   All Defendants transact business throughout the continental United States and in the State of Illinois.

**FACTS COMMON TO ALL COUNTS**

10.   That Plaintiff developed designed and originated a unique product and marketing package for advertising purposes in the automotive industry particularly associated with automobile dealerships, known as the AUTO-IntelliKey, Federal Serial Number 85059673. (A copy of said product and design is attached as Exhibit A, hereinafter "The Mark").  Plaintiff also trademarked its AUTO-IntelliKey under the laws of the State of Illinois.  (Exhibit B).

11.   That in addition the name of the Mark, Plaintiff was the first to disseminate in the stream of commerce the Mark in connection and attached to certain advertising brochures and packaging materials that constituted Plaintiff's trade dress.  (Example of trade dress Exhibit C).

12.   Plaintiff has disseminated its Mark and trade dress in the automobile market throughout the United States since May, 2010 and has expended considerable sums on development, marketing and advertising its products and services.

13.   That none of the Defendants had a similar product, package, brochure or marketing and advertising strategy as Plaintiff prior to Plaintiff's development and dissemination of its Mark and trade dress.

14.   That Plaintiff has built a name recognition and good will by its use of the Mark and trade dress through said expenditures to create a particular market and advertising appeal for automobile dealerships throughout the United States.

15.   That Defendants have mimicked, copied, adopted, and used as a template Plaintiff's Mark and trade dress under various names such as Auto Smart Key, Smart Key, Smart Chip Auto

Key, Intellikey and others, and disseminated said products in the stream of commerce throughout the United States in the exact same markets and industry as Plaintiff.

16. Defendants' products and packaging is confusingly similar and almost identical to the product and packaging of Plaintiff's Mark and trade dress. Specifically, Defendant employ the same use of a non-functioning plastic remote key of identical color and design in combination with an advertisement brochure informing the public of sales events at car dealerships and said key may hold the ability to win prizes at said dealerships.

17. That Defendant Traffic Jam, and Defendant Preferred Printer through an agents/representatives met with one of the partners of Plaintiff, Don Druse, in Chicago in the at various times during the summer and fall of 2010, after Plaintiff's Mark and trade dress was already in use, to discuss the potential of investing, obtaining and/or using Plaintiff's Mark and trade dress.

18. That in or about August, 2010 and subsequent to the aforementioned Defendants' meetings in Chicago, Defendant Traffic Jam and Defendant Preferred Printer contacted Plaintiff's distributor about obtained pricing on as many as 10 million of Plaintiff's product and Mark. (See Exhibit D.)

19. That in or about August, 2010 Defendant Preferred Printer also contacted Plaintiff's distributor (Premiums, Promotions and Imports, Inc.) to obtain samples to be sent to their corporate office in Kenner, LA., under the ruse that Defendant Preferred Printer would obtain Plaintiff's product and Mark from Plaintiff's distributor. (See shipping info Exhibit E).

20. That upon information and belief, Defendant Platinum Plus is a printing company that works closely with and/or is directly connected to Defendant Traffic Jam.

21. That upon information and belief, Defendant Platinum Plus, through Traffic Jam began to prepare printing materials identical to Plaintiff's Mark and trade dress in the fall of 2010.

22. Despite the aforementioned good faith representations from Defendant Traffic Jam and Defendant Preferred Printer, Defendants never followed up with Plaintiff or Plaintiff's distributor, and instead, began to use said information obtained from Plaintiff to investigate pricing and production of an identical product in Asia, and thereafter, produced, marketed and advertised a knock off version of Plaintiff's Mark and trade dress without authorization from Plaintiff.

23.   That Defendants specifically referenced Plaintiff's Mark (AUTO-Intellikey) in email correspondence to each other and expressly declared an intention to mimic Plaintiff's Mark and trade dress under a different name.  (See Exhibit F).

24.   That not only did Defendants Traffic Jam and Your Preferred Printer copy Plaintiff's Mark and trade dress, said Defendants embarked on a campaign of undercutting Plaintiff's prices in the industry costing Plaintiff clientele and thereby inflicting substantial monetary losses on Plaintiff.

25.   Defendant Platinum Plus, in connection with Defendant Traffic Jam, engaged a previous and existing customer of Plaintiff, Bowditch Ford, and produced a marketing and advertising package identical to Plaintiff's.  (See Exhibit G).

26.   Defendant Your Preferred Printer engaged a previous and existing customer of Plaintiff, Green Automotive, and produced a marketing and advertising package identical to Plaintiff's Mark and trade dress.  (See Exhibit H).

27.   That Plaintiff sent cease and desist letters to Defendant Traffic Jam and Defendant Preferred Printer regarding their infringing actions.  (See Exhibit I).

28.   At no time did Plaintiff authorize any Defendant to copy or use its Mark or trade dress without authorization or compensation to Plaintiff.

29.   That copying the products, packaging and advertising of Plaintiff's Mark and trade dress by all Defendants was done with full knowledge and in complete disregard of Plaintiff prior and superior rights.

30.   That all Defendants are currently and may continue into the foreseeable future, to use of their products and brochures in a confusingly similar way as Plaintiff in order to dilute the marketplace of Plaintiff's respected Mark and trade dress of which it spent considerable sums developing and marketing.

31.   That upon information and belief, Defendants further employed, hired, contracted and/or retained a Canadian printing and manufacturing company to produce a machine that specifically attaches Plaintiff's products to identical brochures for use in the same automotive industry as Plaintiff to further Defendants mass production and dissemination of their knock off products and advertising.

32.   That said Canadian company, Pack-Smart, Inc., specifically refers to its' machine as an "intellikey" processor and produced a You Tube video of said machine in operation.  (See Exhibit J).

33.   That the plastic keys contained in said machine are so similar to Plaintiff's product, it is referred to as an "intellikey" processor although the shape of the keys in the aforesaid video are not Plaintiff's, but actually Defendants' confusingly similar knock off product. (See Exhibit K).

34.   That upon information and belief, Pack-Smart Inc., was informed by Defendants to create a machine that identically mimics Plaintiff's Mark and trade dress, or that Defendants' keys are so similar to Plaintiff's products that Pack-Smart Inc., mistakenly refers to said keys as the "intellikey."

35.   That not only is Defendant Preferred Printer intentionally copying Plaintiff's Mark and trade dress, they are demonstrating a pattern of disregard for others' property rights by mimicking Federal Express envelops to further confuse customers about Plaintiff's Mark and trade dress and falsely using said envelops in an attempt to legitimize Defendants' use of Plaintiff's products.

## COUNT I
### DECLARATORY RELIEF THAT PLAINTIFF HAS TRADEMARK AND TRADE DRESS RIGHTS TO USE AUTO-INTELLIKEY AND LIKE PACKAGING IN COMMERCE

1-31.   Plaintiff adopts and re-alleges paragraphs 1-31 as though fully set forth herein.

32.   That Plaintiff first developed and used the Mark and associated trade dress in the stream of commerce in May, 2010 and that Plaintiff's rights pre-date and precede any rights Defendants may have to a confusingly similar Mark and associated trade dress in the stream of commerce.

33.   That Plaintiff is entitled to Declaratory Judgment by the Court declaring Plaintiff's rights to the Mark and associated trade dress is superior to any claims or associated rights Defendants have to a confusingly similar Mark and associated trade dress.

## COUNT II
### DECLARATORY RELIEF THAT DEFENDANTS ARE PRECLUDED FROM ASSERTING OR OBTAINING RELIEF FROM PLAINTIFF FOR TRADEMARK OR TRADE DRESS INFRINGEMENT

1-31.   Plaintiff adopts and re-alleges paragraphs 1-31 as though fully set forth herein.

32.   That Plaintiff's original use of the Mark and associated trade dress in the stram of commerce was prior to any similar product or trade dress offered by Defendants and is superior and precedes any claims for Trademark or trade dress infringement that may be asserted against Plaintiff by Defendants for its use of the Mark and associated trade dress.

33.   That because Defendants knew prior and before their development of the infringing and confusingly similar products and trade dress to Plaintiff, and actually obtained Plaintiff's property for subsequent copying, Defendants are precluded from asserting any claims against Plaintiff for use of said Mark.

**COUNT III**
**TRADEMARK INFRINGEMENT IN VIOLATION OF**
**15 U.S.C. s1125(a), s1114, 15 U.S.C. 1051 et seq.**

1-31.   Plaintiff adopts and re-alleges paragraphs 1-31 as though fully set forth herein.

32.   That Defendants intentionally used Plaintiff's Mark and associated trade dress in the stream of commerce in connection with certain advertising materials in the automotive industry.

33.   That Defendants currently have, and intends to use in the future, said confusingly similar products and materials to Plaintiff's Mark and Trade Dress in the same industry and in direct competition to Plaintiff's interests.

34.   That Defendants have failed to cease and desist from their infringing activities.

35.   That Defendants improper conduct and use has caused and is likely to cause confusion, to cause mistake, or deceive persons into erroneous belief that the goods and sevices sold, offered for sale and promoted by Defendants were authorized or connected to Plaintiff, with the intention of obtaining monetary profit that would otherwise gone to Plaintiff, and to damage the goodwill and reputation of Plaintiff in the aforementioned industry.

36.   By reason of Defendants' actions, Plaintiff has lost sales, profits and goodwill, and unless said acts are restrained by the Court, Plaintiff will continue to suffer serious and irreparable injury for which Plaintiff has no adequate remedy at law in violation of s43(a) of the Lanham Act, 15 U.S.C. s1125(a).

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION AND INFRINGEMENT**

1-31.   Plaintiff adopts and re-alleges paragraphs 1-31 as though fully set forth herein.

32.   That Defendants' actions constitute common law trademark infringement, unfair competition, misappropriation and misuse of Plaintiff's Mark and associated trade dress and

that Defendants' unfair competition, confusingly similar use, unjust enrichment and intentional copying of Plaintiffs' Mark and trade dress in in violation of the common law of Illinois and Federal Common Law.

33.  That Defendants' actions are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, origin, sponsorship, approval or association of Defendant's product and trade dress with Plaintiff and/or Plaintiff's respective products, services or intellectual property.

34.  That Defendants' actions have harmed Plaintiff including the loss of sales, profits, customers and sustained damage to its reputation and goodwill in the industry.

**COUNT V**

**VIOLATION OF 815 ILCS 510/1 et seq and 815 ILCS 505/1 et seq**

1-31.  Plaintiff adopts and re-alleges paragraphs 1-31 as though fully set forth herein.

32.  That Defendants actions constitute deceptive trade practice in violation fo the Illinois Uniform Trade Practices Act, by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, certification, connection or association of Defendants with Plaintiff and/or Plaintiff's products and services.

33.  That Defendants actions have harmed Plaintiff, including causing loss of sales, profits, customers and caused damage to Plaintiff's reputation and goodwill.

34.  That as evidenced by the exhibits attached, Defendants' actions were done with the intent of violating Plaintiff's Mark and trade dress by engaging in said conduct Defendant knew of and ignored Plaintiff's superior property rights.

35.  That Defendants actions further constitute violation of the Illinois Consumer Fraud and Deceptive Practices Act by their actions of violating the Deceptive Trade Practices Act which constitute a continuing and ongoing violation of the Consumer Fraud Act.

36.  That Sections 10(a) and (c) of the Consumer Fraud Act provide that any party injured by virtue of violation of said Act may maintain an action for damages and/or injunctive relief.

37. That Defendants' actions have irreparably harmed Plaintiff's business and reputation and such ongoing violations create a situation where no adequate remedy at law will suffice to remedy the wrongs Defendants have caused Plaintiff.

38. That Defendants' actions were willful and wanton and under statute, Plaintiff is entitled to exemplary damages and attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests this Court to enter judgment in its favor and against the Defendants in one or more of the following ways:

1. A declaration that Plaintiff has not infringed on the property rights of the Defendants

2. A declaration that Defendants have no right to claim an infringement of their rights by Plaintiff.

3. A declaration that Plaintiff owns the common law rights to its Mark and associated trade dress.

4. A declaration that Plaintiff rights are superior to any claims for similar Marks, products and associated trade dress to Defendants.

5. A judgment for monetary damages against Defendants for proximately causing damage to Plaintiff's reputation, good will, loss of clientele, business opportunities, and lost profits as set forth in this Complaint.

6. A judgment for monetary damages and attorney's fees for violations of the statutes cited in this Complaint.

7. That this Court adjudge the Defendants have competed unfairly, engaged in deceptive trade practices, committed consumer fraud, committed false representations and false advertising in violation of Plaintiff's rights under the aforementioned Acts and Common Law.

8. That Plaintiff recover all profits and monies associated with the unjust enrichment of Defendants by violating Plaintiff's rights as described herein.

9. That Defendants actions were willful and wanton and an intentional disregard of Plaintiff's rights and as such, are subject to exemplary damages where appropriate.

10.  That Defendants, their officers, directors, agents, servants, employees, affiliates, successors and assigns of Defendants be enjoined and restrained from the acts complained of herein.

11.  Any other relief this Court deems necessary and just.

Respectfully submitted

s/Bryan T. Butcher