**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED WHOLESALE LLC, | ) | |
| An Illinois Limited Liability Company, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 CV 02637 |
| | ) | Hon. Robert Dow |
| v. | ) | |
| | ) | |
| TRAFFIC JAM EVENTS, a Louisiana | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE/REPLY TO YOUR PREFERRED PRINTER'S MOTIONS TO DISMISS
AND JURISDICTIONAL DISCOVERY**

Plaintiff, by its attorneys, The Law Offices of Bryan T. Butcher, sets forth its

Response/Reply to Your Preferred Printer's Motions to Dismiss and Jurisdictional Discovery as

follows:

**BACKGROUND**

1.      Defendant Your Preferred Printer ("YPP") filed a motion to dismiss Plaintiff's

Amended Complaint on Jurisdictional issues. *See Document #39.*

2.      Plaintiff responded by filing a motion to extend and a motion requesting

Jurisdictional Discovery. *See Document #40.*

3.      The court ordered Plaintiff to respond to YPP's Motion to Dismiss and its

opposition to Plaintiff's Motion for Jurisdictional Discovery, as much as practicable.  Plaintiff

cannot appropriately respond to the motion to dismiss without said discovery.  However,

Defendant's Response to Plaintiff's Motion for Jurisdictional Discovery mirrors the arguments

set forth in Defendant's Motion to Dismiss.  As such, there will likely be some overlap in

Plaintiff's Reply.

1

4.      YPP is in the business of selling and distributing mass marketing mailers for the automotive industry.  YPP works with auto dealers across the country in order to produce and distribute the advertising mailers for those dealerships.

5.      Defendant submitted a carefully worded Declaration from YPP's principal claiming that YPP has not <u>sold</u> the faux key promotional products included in its advertising mailers to purchasers located within Illinois.  YPP also claims that it does not own land, pay taxes, have a registered agent, have employees, or promote its own products in Illinois.  *See Document#39, Exhibit C.*  YPP's declaration, however, is conspicuously silent as to whether it has <u>shipped</u> its marketing mailers to consumers located in Illinois, whether it has promoted *other's* products in Illinois (such as the products of the dealerships for which it advertises), as well as the full extent of its business in Illinois.

6.      Defendant's Motion and Response is supported largely by asserting conclusions regarding jurisdiction based upon the statements of YPP's principal and attacking the lack of specificity in the pleadings of Plaintiff's Amended Complaint.

7.      Plaintiff's Amended Complaint contains allegations that YPP does business in Illinois through its distributor, Traffic Jam Events; that YPP's agent met with Plaintiff's principal, Don Druse, in Illinois regarding the products at issue; and that YPP is a national company that sends its advertising mailers throughout the nation, including Illinois.

8.      Plaintiff has also submitted a Declaration of its principal, Don Druse, which contradicts the statements made by YPP's principal in its Declaration.  *See Document #40, Exhibit A.*

9.      Defendant's brief in opposition to Plaintiff's motion for jurisdictional discovery is carefully worded to try and hide from the Court the extent and nature of YPP's business and its contacts to Illinois.

10.      It is also Plaintiff's position that YPP does ship products to Illinois through an intermediary company, such as Traffic Jam.  With YPP's knowledge,  Traffic Jam then takes YPP products and distributes them via direct mail in certain geographic locations relative to car dealership sales events.  It is Plaintiff's assertion that YPP knows its mail products will go to Illinois and that YPP's printer of its mail pieces would have to address Illinois residents on the mail pieces for the dealership events.  As such, YPP knew or should have known that its products would be shipped to Illinois consumers.  Jurisdictional Discovery would confirm this.

## ARGUMENT

### I.      Standard

In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.  *See, e.g, Trading Technologies Inter., Inc., v. BCG Partners, Inc.,* 2011 WL 1220013, *3 (N.D. Ill. 2011).  In considering a motion to dismiss for lack of personal jurisdiction, the court accepts the plaintiff's factual allegations as true unless refuted by affidavits or other evidence submitted by the defendant.  *See Turnock v. Cope,* 816 F.2d 332, 333 (7th Cir. 1987).  Conflicts in the evidence are resolved in favor of the exercise of jurisdiction.  *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003).

Once the question of lack of jurisdiction is raised by a party, the party asserting jurisdiction must be given an opportunity to be heard before dismissal is ordered.  *See Am.*

*Federation of Musicians, AFL-CIO v. Bonatz,* 475 F.2d 433 (3rd Cir. 1973). The defendant's motion to dismiss then becomes a factual attack upon the jurisdictional allegations of the complaint. *See Western Transp. Co., v. Couzens Warehouse and Distribs., Inc.,* 695 F.2d 1033 (7th Cir. 1982). In deciding such a motion, the court may receive evidence such as affidavits and deposition testimony in order to resolve the factual dispute. *Id.* It has been held that reasonable discovery for purposes of demonstrating that jurisdiction does exist should be allowed, and failure to permit such discovery would be treated as reversible error. *See Majd-Pour v. Georgianna Comm. Hosp., Inc.,* 724 F.2d 901 (11th Cir. 1984).

Generally, jurisdictional discovery is justified if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue. *See Trading Tech.* at *3; *Wells v. Hospital Group of Illinois, Inc.,* 2003 WL 21704416, 3 (N.D.Ill. 2003). If a plaintiff establishes a *prima facie* case of personal jurisdiction, courts should permit it to conduct limited discovery to address the personal jurisdiction issues raised by a defendant's motion to dismiss. *See Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.,* 440 F.3d 870, 876-77 (7th Cir. 2006) (reversing trial court's refusal to grant jurisdictional discovery in response to defendant's motion to dismiss). In reaching this issue, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record. *Id.* at 878. As with all discovery matters, a district court has broad discretion in determining when jurisdictional discovery is appropriate.

If a court determines that it will only receive affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts in order to avoid a motion to dismiss. Any greater burden of proof would permit a defendant to obtain a dismissal simply by controverting the facts established by a

4

plaintiff through his own affidavits and supporting materials. *See Data Disc, Inc., v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977) (*citing United States Railway Equipment Co., v. Port Huron & Detroit Railroad Co.,* 495 F.2d 1127,1128 (7th Cir. 1974)).

**II.  Plaintiff has established a *prima facie* case for Jurisdiction and/or Jurisdictional Discovery.**

The crux of YPP's argument is that Plaintiff's Amended Complaint and Declarations do not establish a *prima facie* case for jurisdiction so the court should not even entertain the idea of jurisdictional discovery.  For this argument, YPP relies solely on the Declaration of its principal. However, according to the uncontroverted Declaration of Plaintiff's principal, "YPP is a company that market and advertises their services on a national scale doing business in almost every state."  Read in the light most favorable to the Plaintiff, this paragraph supports the allegation that YPP does business in Illinois for the purpose of establishing general jurisdiction over YPP.  In Response, YPP's declaration notes that it does not lease or own Illinois land, pay taxes, maintain an agent, have employees, or advertise its own products in Illinois.  YPP's Declaration is misleading, however, because nowhere in this declaration does YPP claim that it isn't doing business in Illinois.  This omission isn't accidental, as YPP has a long history of shipping its products to Illinois consumers (either directly or through intermediary companies such as Traffic Jam), as alleged by Plaintiff.

With respect to specific jurisdiction, Paragraph 6 of Mr. Druse's Declaration states: "That after developed the product at dispute in this litigation, my company was contacted by representatives of YPP in Chicago.  The purpose of these communications was to obtain United Wholesale's product through a licensing agreement."  In response, YPP's Declarant states that he did not authorize anyone to speak on YPP's behalf.  As previously noted, a district court addressing the merits of a motion to dismiss "must accept the uncontroverted allegations in the

plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Trading Technologies Inter. Inc.,* 2011 WL 1220013 *3. At best, YPP's self-serving Declaration merely creates sufficient confusion on the issue to warrant jurisdictional discovery. *See id.*

Regardless, YPP then spends several pages making the argument that the Chicago meeting between Plaintiff and YPP's agent cannot subject YPP to personal jurisdiction because these were merely "preliminary talks that did not result in the transaction of business." However, this argument is misleading since it ignores the remaining allegations of the Complaint. Read in the light most favorable to the Plaintiff, Plaintiff has sufficiently alleged that YPP's meeting with United Wholesale was part of the ruse to gain access to United Wholesale's products for the purpose of misappropriating them. (Amended Complaint, p. 19). YPP cannot avoid jurisdiction merely because it did not purchase products from Plaintiff at the same time that it was misappropriating them.

Further, YPP's self-serving Declaration merely denies that YPP *sold* any "faux key promotional products to purchasers in Illinois." Said Declaration does not deny that YPP has *shipped* such products to customers located in Illinois. These products are direct marketing mass mailers. As recipients of advertising mailers clearly to not purchase these advertisements, YPP's statement on this point is essentially meaningless. YPP is exceedingly careful in this language to limit its statement to *sales* and not *shipments*. Most likely this is because such an argument cannot be made in good faith. This is precisely the situation where jurisdictional discovery is warranted. It is beyond question that YPP is purposefully availing itself of the Illinois market, either directly or through its distributors. At this early stage of the litigation, discovery is necessary to confirm YPP has, in fact, shipped products that are the subject of this suit to Illinois.

Given the fact that YPP is fighting tooth and nail to avoid jurisdictional discovery, it leads one to believe that this is the case.

YPP's half-hearted attempt to describe Plaintiff's motion for jurisdictional discovery as a "fishing expedition" is meaningless. Far from being an instance where a plaintiff files suit against a defendant without any knowledge of that defendant's contacts with the forum state, the Declaration of Don Druse expressly states that YPP's products have been shipped to Illinois. The evidence before the Court at this stage is that YPP is a company doing business nationwide by sending mass mailing advertising pieces to consumers. Through very careful wording and purposeful obfuscation, YPP would have this Court believe that its mass market mailers reach every state in the nation, yet, for some unknown reason, exclude the major market of Illinois. This is unbelievable as it is untrue. YPP does ship products to Illinois and the only question is whether the products that are the subject of this suit are sent to consumers in Illinois. Again, the use of the word *sales* versus *shipped* is instructive on this point.

Finally, YPP makes the untenable argument that it is not subject to personal jurisdiction in this Court because it did not sell its products directly to Illinois consumers, but rather shipped them to Illinois through an intermediary distributor. Similar arguments have been routinely rejected in this Circuit, as well as across the country. *See, e.g., Dehmlow v. Austin Fireworks*, 963 F.2d 941 (1992) (finding Illinois jurisdiction established against Kansas defendant who sold products to a Wisconsin distributor for ultimate use in Illinois); *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 667 (7th Cir. 1986) (granting to Wisconsin courts personal jurisdiction over a Missouri manufacturer who sold products that caused personal injuries in Wisconsin, even though defendant sold those products to a Minnesota resident); *Saia v. Scripto-Tokai Corp.,* 366 Ill.App.3d 419 (1st Dist. 2006) (finding manufacturer subject to Illinois jurisdiction, even though

manufacturer's products were shipped to Illinois through a distributor); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5ᵗʰ Cir. 2006) (reversing decision to grant motion to dismiss as to Colorado defendant that sold products to a Wal-Mart distributor in Arkansas where that defendant should have known its products would end up in the forum state). In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559 (1980), the Supreme Court stated that "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." As noted in *Dehmlow v. Austin Fireworks*, 963 F.2d 941 (1992) (post-*Asahi*), "[t]his Circuit has repeatedly endorsed the 'stream of commerce theory' and has resolved cases on the basis of it." *Id.* at 946. Furthermore, the Seventh Circuit has expressly stated that a defendant is "subject to state court jurisdiction when the defendant sells its products 'for ultimate use' in the forum state." *Id.* at 947, n. 5. Whether YPP shipped its products directly to Illinois consumers or used an intermediary company to do so, there is no doubt that YPP's advertising mailers and faux key promotional products were destined "for ultimate use" in Illinois.

The strenuous nature of YPP's challenge to Plaintiff's routine request for Jurisdictional Discovery is likely because YPP if fully aware that the responses to such discovery would remove any doubt that it is subject to Illinois jurisdiction. If YPP has nothing to hide, then Jurisdictional Discovery would not prejudice YPP since said discovery would only confirm its argument in its motion to dismiss.

8

**CONCLUSION**

Wherefore, Plaintiff respectfully requests this court deny Defendant's Motion to Dismiss. In the alternative, Plaintiff respectfully requests that this Court grant its Motion for Limited Jurisdictional Discovery so that the jurisdictional issues relative to Defendant YPP can be fully resolved.

Respectfully submitted,

s/Bryan T. Butcher

Law Offices of Bryan T. Butcher
600 N. Fairbanks Ct. #1509
Chicago, Illinois 60611
(312) 498-8459
#6272014