Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2637 | **DATE** | 6/4/2012 |
| **CASE TITLE** | United Wholesale LLC vs. Traffic Jam Events, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for jurisdictional discovery [45] is granted. Defendant Your Preferred Printer's motion to dismiss for lack of jurisdiction [38] is denied without prejudice. Defendant may bring another motion to dismiss after limited jurisdictional discovery, if warranted. This case is referred to Magistrate Judge Mason for all further discovery supervision, including with regard to the limited jurisdictional discovery being permitted at this time. This matter is set for status on 7/25/12 at 9 a.m.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

# STATEMENT

When personal jurisdiction over a defendant is challenged by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving that jurisdiction exists and must make a *prima facie* case of jurisdiction. See *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). A court accepts as true the plaintiff's undisputed allegations, and disputes in the evidence are resolved in favor of jurisdiction. See, *e.g.*, *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). However, the Seventh Circuit has cautioned that "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id*. at 783. Generally, jurisdictional discovery is justified if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue. See, *e.g, Trading Technologies Inter., Inc., v. BCG Partners, Inc.,* 2011 WL 1220013, at *3 (N.D. Ill. 2011); *Wells v. Hospital Group of Illinois, Inc.*, 2003 WL 21704416, at *3 (N.D. Ill. 2003). If a plaintiff establishes a *prima facie* case of personal jurisdiction, courts should permit it to conduct limited discovery to address the personal jurisdiction issues raised by a defendant's motion to dismiss. See *Central States, Southeast & Southwest Areas Pension Fund v. Phencorp Reinsurance Co.,* 440 F.3d 870, 876-77 (7th Cir. 2006) (reversing trial court's refusal to grant jurisdictional discovery in response to defendant's motion to dismiss). In reaching this issue, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record. *Id.* at 878.

The crux of Defendant Your Preferred Printer's ("YPP") argument is that Plaintiff United Wholesale LLC's amended complaint and declarations do not establish a *prima facie* case for jurisdiction so the Court should not entertain jurisdictional discovery. In support of its argument, YPP relies on the declaration of its principal, which states that YPP does not lease or own Illinois land, pay taxes, maintain an agent, have employees, or advertise its own products in Illinois. However, YPP does not assert that it is not doing business in Illinois. Plaintiff contends that this omission is not accidental, and that YPP has a long history of shipping its products to Illinois consumers (either directly or through intermediary companies). According to the declaration of Plaintiff's

principal, "YPP is a company that markets and advertises their services on a national scale doing business in almost every state." Read in the light most favorable to the Plaintiff, this paragraph supports the allegation that YPP does business in Illinois.

Plaintiff's principal also attests that United Wholesale was contacted by representatives of YPP in Chicago after United Wholesale developed the product at dispute in this litigation and that the purpose of these communications was to obtain United Wholesale's product through a licensing agreement. In response, YPP's principal states that he did not authorize anyone to speak on YPP's behalf. As previously noted, a district court addressing the merits of a motion to dismiss "must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Trading Technologies Inter. Inc.,* 2011 WL 1220013 *3. At best, YPP's declaration (and the arguments set forth in its brief) merely create confusion on the issue, which militates in the direction of allowing jurisdictional discovery.

YPP also argues that it is not subject to personal jurisdiction in this Court because it did not sell its products directly to Illinois consumers, but rather shipped them to Illinois through an intermediary distributor. Similar arguments have been routinely rejected in this Circuit, as well as across the country. See, *e.g., Dehmlow v. Austin Fireworks*, 963 F.2d 941 (7th Cir. 1992) (finding Illinois jurisdiction established against Kansas defendant who sold products to a Wisconsin distributor for ultimate use in Illinois); *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 667 (7th Cir. 1986) (granting to Wisconsin courts personal jurisdiction over a Missouri manufacturer who sold products that caused personal injuries in Wisconsin, even though defendant sold those products to a Minnesota resident); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006) (reversing decision to grant motion to dismiss as to Colorado defendant that sold products to a Wal-Mart distributor in Arkansas where that defendant should have known its products would end up in the forum state). The case cited by Defendant in support of its arguments describes a situation in which the defendant's products ended up in Illinois due to the intermediary actions of a third-party and not efforts by the defendant to indirectly serve a market in Illinois. [48 at 6.] Here, Plaintiff alleges that Defendant intended its products to reach consumers in Illinois and that it enlisted a third-party to assist it in that endeavor. In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559 (1980), the Supreme Court stated that "[t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." As noted in *Dehmlow v. Austin Fireworks*, "[t]his Circuit has repeatedly endorsed the 'stream of commerce theory' and has resolved cases on the basis of it." *Id.* at 946. Furthermore, the Seventh Circuit has expressly stated that a defendant is "subject to state court jurisdiction when the defendant sells its products 'for ultimate use' in the forum state." *Id.* at 947, n. 5. Whether YPP shipped its products directly to Illinois consumers or used an intermediary company to do so, if YPP's advertising mailers and faux key promotional products were destined "for ultimate use" in Illinois, YPP cannot escape personal jurisdiction in this suit.

The evidence before the Court at this stage is that YPP is a company doing business nationwide by sending mass mailing advertising pieces to consumers. Limited discovery is appropriate to determine, at a minimum, whether the products that are the subject of this suit are sent to, or intended for, consumers in Illinois. The Court concludes that limited jurisdictional discovery can shed light on, among other things, whether Defendant has shipped mailers to consumers located in Illinois, whether it has promoted products in Illinois, whether it knew its products would be shipped to Illinois consumers, and whether YPP met with United Wholesole as part of plan to gain access to Plaintiff's products and what transpired (and under what authority) at any alleged meeting that can be substantiated. The issues related to the Louisiana litigation that have been raised by YPP in its amended reply simply are not appropriate for consideration until the Court determines whether it has jurisdiction over the Illinois action. If the allegations in Plaintiff's complaint turn out not to have a basis in fact or were not brought in good faith–as YPP suggests in its amended reply–then sanctions may be appropriate; however, at this time,

| STATEMENT |
|---|
| Plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.<br><br>For these reasons, Plaintiff's motion for jurisdictional discovery [45] is granted and YPP's motion to dismiss for lack of jurisdiction [38] is denied without prejudice. YYP may bring another motion to dismiss after limited jurisdictional discovery, if warranted. This case is referred to Magistrate Judge Mason for all further discovery supervision, including with regard to the limited jurisdictional discovery being permitted at this time. This matter is set for status on 7/25/12 at 9 a.m.<br><br>*[signature]* |